FILED

11/15/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0443

DA 15-0443

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 294N

ISAIAH MAURICE MORSETTE,

     Petitioner and Appellant,

v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Blaine, Cause No. DV-14-050
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

     For Appellee:

          Timothy C. Fox, Montana Attorney General, Pamela P. Collins, Assistant Attorney General, Helena, Montana

          Kelsie W. Harwood, Blaine County Attorney, Chinook, Montana

Submitted on Briefs:  September 7, 2016

Decided:  November 15, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by unpublished opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Isaiah Maurice Morsette appeals from a July 2015 order of the Seventeenth Judicial District Court, Blaine County, denying his Petition for Post-Conviction Relief. We affirm.

¶3 In 2011, Morsette was convicted of sexual intercourse without consent. He appealed and we affirmed his conviction.[1] On December 19, 2014, Morsette filed a petition for post-conviction relief alleging he had received ineffective assistance of counsel leading up to and during his trial, supported by affidavits and non-record based evidence. After a detailed review of the evidence presented, the District Court denied Morsette's petition. On appeal, Morsette argues that the District Court erred by failing to hold an evidentiary hearing prior to dismissing his petition for post-conviction relief.

¶4 "We review a district court's denial of a petition for post-conviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct." *Beach v. State*, 2009 MT 398, ¶ 14, 353 Mont. 411, 220 P.3d 667 (citation omitted). "We review discretionary rulings in post-conviction relief

---

[1] *State v. Morsette*, 2013 MT 270, ¶¶ 43-44, 372 Mont. 38, 309 P.3d 978.

proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion." *Beach*, ¶ 14 (citation omitted).

¶5 When examining a petition for post-conviction relief, a district court may either "dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." Section 46-21-201(1)(a), MCA. Once a district court has proceeded to determine the merits of a petition, its decision whether to hold a hearing is purely discretionary. *See* § 46-21-201(5), MCA. Based upon the petition, affidavits, and record in this case, it is clear the District Court did not dismiss the petition for failure to state a claim, but rather proceeded to address and resolve the issues presented in the petition. We conclude that the District Court had before it an adequate record for resolution of the issues Morsette presented, and that the District Court therefore did not abuse its discretion in refusing to hold an evidentiary hearing in this case.

¶6 Further, we note that this Court affirmed Morsette's conviction in *State v. Morsette* on September 17, 2013. Under § 46-21-102(1)(b), MCA, Morsette's conviction became final on the date the time for petitioning the United States Supreme Court for review expired. From the date on which our decision was entered, Morsette had 90 days in which to seek review from the Supreme Court. *See* Rule 11 of the Rules of the Supreme Court of the United States. For purposes of this petition, his conviction became final on December 16, 2013. Under § 46-21-102(1), MCA, a petition may be filed within one year of the date that the conviction becomes final. Accordingly, Morsette had until December 16, 2014, to file his petition. As noted above, Morsette filed his instant petition on December 19, 2014, shortly after the procedural window had expired.

3

Therefore, even if we were to determine that the District Court abused its discretion in determining not to hold an evidentiary hearing, the District Court did not err in dismissing the petition because it is procedurally barred by the statute of limitations.

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.  In the opinion of this Court, this case presents a question controlled by settled law.

¶8     Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA